IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SAMANTHA ALFARO,<br><br>Plaintiff,<br><br>vs.<br><br>UTAH COUNTY SHERIFF'S OFFICE, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR JOINDER OF PARTIES [ECF 17]**<br><br>Case No. 2:24-cv-00391-CMR (consolidated with case 2:24-cv-00392)<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiff Samantha Alfaro's (Plaintiff) Motion for Joining of Parties (Motion) (ECF 29). Defendants filed an opposition (ECF 34), and Plaintiff filed an additional document, which the court considered as the reply, though it was not identified as such (ECF 35). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and decides this matter on the written Motion. *See* DUCivR 7-1(g). For the reasons herein, the court DENIES Plaintiff's Motion.

## I.   BACKGROUND

Plaintiff filed the Motion on February 26, 2025 (ECF 29). Under the Scheduling Order, the deadline for Plaintiff to file move to amend pleadings and join parties was February 1, 2025 (ECF 25). Though not entirely clear, Plaintiff's Motion appears to request the court add parties Scott Hall, Jason Goode, Kenyon Bishop, Justin Butler, Jason Marquardson alleging they violated "the Fourth Amendment to the United States Constitution and the Fifth and Fourteenth Amendment," violated Due Process to obtain a search warrant, and "did not follow any rules to obtaining a proper search warrant"

1

(ECF 29). Again, while not entirely clear, Plaintiff generally alleges these individuals are "sergeants" perhaps with the Payson Police Department and are alleged to have issued a search warrant on her motor home "by illegal means" (ECF 29 at 1–2). Plaintiff attaches the "Incident Report" and "Supplemental Narrative" to the Motion, written by Sergent Hall and Officer J. Cox with the Payson Police Department (hereinafter, Incident Report) (ECF 29-1).[1] Review of these documents indicate this incident relates to an October 4, 2024, search warrant at Plaintiff's home (*id*.). Defendants oppose the Motion but characterize Plaintiff's request as one to add only claims for wrongfully issuing a search warrant and to obtain police video (ECF 34). Defendants' reading is too narrow when compared against Plaintiff's Motion, although the court recognizes Plaintiff's Motion is not entirely clear. Defendants oppose amendment based on undue delay and futility of amendment.

## II.  LEGAL STANDARDS

Plaintiff does not offer any legal authority in the Motion. However, the court construes it as a motion to amend under Federal Rule of Civil Procedure 15.[2] Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The district court has 'wide discretion to recognize a motion for leave to amend in the interest of a just, fair or early resolution of litigation.'" *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999)). "Refusing leave to amend is generally only justified upon a showing of (1) undue delay, (2) undue prejudice to the opposing party, (3) bad faith or dilatory motive, (4) failure to cure deficiencies by

---

[1] Because the Incident Report relates directly to the current matter, the court takes judicial notice of this document. *See Tatten v. City & Cnty. of Denver*, 730 F. App'x 620, 624 & n.2 (10th Cir. 2018) ("A court may take judicial notice of its own files and records, as well as facts which are a matter of public record." (citing *Gee v. Pacheco*, 627 F.3d 1178, 1194 (10th Cir. 2010))).

[2] The court notes Plaintiff failed to attach a "redlined version of the proposed amended pleading comparing it with the pleading sought to be amended" in violation of local rules. *See* DUCivR 15-1(a)(2).

amendments previously allowed, or (5) futility of amendment." *Id.* (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

When the deadline for amending pleadings set in the scheduling order has passed, as is the case here, Federal Rule of Civil Procedure 16(b)(4) is implicated. Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "A court will apply a two-step analysis based on both Rule 16(b) and Rule 15(a) when faced with a request to amend a complaint past the scheduling order deadline. In other words, the court will first determine whether the moving party has established 'good cause' within the meaning of Rule 16(b)(4) to justify allowing the untimely motion. Only after determining good cause has been established will the court proceed to determine if movant has satisfied the more lenient Rule 15(a) standard." *Davis v. Walmart, Inc.*, No. 2:23-CV-2309-TC-TJJ, 2024 WL 2700674, at *2 (D. Kan. May 24, 2024). The Tenth Circuit has held that "[d]emonstrating good cause under [Rule 16(b)(4)] 'requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'" *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994)).

Because Plaintiff is proceeding pro se, the court construes her pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "[t]his liberal treatment is not without limits, and 'this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

### III.   DISCUSSION

Under Rule 16, Plaintiff has not demonstrated good cause. Plaintiff has provided no explanation for why the Motion was filed 25 days after the February 1, 2025 deadline. The Incident Report

demonstrates that the search that Plaintiff alleges is the basis of the amendment, was conducted on October 4, 2024 to "assist agents from AP&P with serving a felony warrant" (ECF 29-1 at 4). Plaintiff's Motion indicated that the search was at her "motorhome" and that she, among others, "all know what was said and done on October 4, 2024" (ECF 29 at 3). Yet Plaintiff waited until February 26, 2025 to file the Motion, which was over four months after October 4, 2024 and 25 days after the Scheduling Order deadline. It therefore appears that Plaintiff knew of the underlying search as of October 2024 and was dilatory in filing the Motion. Plaintiff provides no explanation for why there was such a delay and therefore cannot demonstrate good cause.

The court also denies Plaintiff's Motion under Rule 15(a) as the court finds undue delay. *See Minter v. Prime Case Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). And "[t]he longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'" *Minter*, 451 F.3d at 1205 (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)). As explained above, Plaintiff knew of the October 4, 2024 search, and did not file the Motion until February 26, 2025, despite the Scheduling Order requiring Plaintiff to move to amend her pleadings or to join parties by February 1, 2025 (ECF 25). Plaintiff offers no explanation for the delay. The court therefore has no way of determining whether her delay was reasonable or otherwise justified. As the moving party, Plaintiff bears the burden of demonstrating that "justice so requires" that she be allowed to file an amended complaint. *See Republican Party of New Mexico v. Balderas*, No. 1:11-cv-00900 WJ/KBM, 2020 WL 13281627, at *1 (D.N.M. Mar. 10, 2020) ("While the Tenth Circuit has adopted a liberal standard for amendment, as the moving party Plaintiffs bear the burden to explain why 'justice so requires' such amendment under Rule 15(a)(2)."). The court thus finds that denial of Plaintiff's Motion is appropriate where she has failed to provide sufficient information to demonstrate that "justice so requires" that her amended complaint be granted.

In support of their undue delay argument, Defendants also argue, with no factual development, that Plaintiff's Motion "does not concern any of the factual allegations of her original complaint" and that these are "new claims" (ECF 34 at 4). While Defendants failed to support their argument, it appears Defendants are referencing that the initial Complaint concerns the events on a search at Plaintiff's home on July 30, 2023 (ECF 5 at 11). The Complaint in the consolidated matter, Case No. 2:24-cv-392, also concerns the exact period and search (*See* ECF 5 at 9 in 2:24-cv-392). However, the Motion concerns a search at Plaintiff's home on October 4, 2025. Though neither Plaintiff nor Defendants reference it, Rule 15(d) "contemplates the filing of a supplemental complaint to address events occurring after the filing of an initial complaint, and leave to supplement, like leave to amend, should be 'freely given,' subject to the concerns of undue delay, prejudice to the non-movant, and the like." *Johnson v. Barnes*, No. 17-CV-02346-MSK-MEH, 2019 WL 5894186, at *4 (D. Colo. Nov. 12, 2019) (quoting *Predator Intern., Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1186-87 (10th Cir. 2015)).

The court notes that Plaintiff did not move to supplement but assuming she had, the same conclusion applies—there was undue delay in bringing the Motion. Moreover, the addition of the new parties will unreasonably delay the present matter on the existing claims in this action, as the additional defendants will need to be served and allowed to respond. The addition of the facts regarding the October 4, 2025 search will also require discovery to be reopened as the discovery deadline in this matter closed May 1, 2025 (ECF 25). Moreover, there is a pending Motion for Summary Judgment on the present claims which Defendants have filed and is fully briefed (ECF 33, 37 and 38). Under these circumstances, allowing the new claims would further prolong this matter. The court also notes nothing prevents Plaintiff from commencing a separate suit against the new defendants.

## IV.  CONCLUSION AND ORDER

For the above reasons, IT IS HEREBY ORDERED that the Motion is DENIED.

IT IS SO ORDERED.

DATED this 17 July 2025.

                                                                    *Cecilia M. Romero*
                                                      Magistrate Judge Cecilia M. Romero
                                                      United States District Court for the District of Utah