IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SAMANTHA ALFARO,<br><br>　　Plaintiff,<br><br>v.<br><br>UTAH COUNTY SHERIFF'S OFFICE, et al.,<br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S [33] MOTION FOR SUMMARY JUDGMENT AND DISMISSING WITHOUT PREJDUICE PURSUANT TO RULE 12(B)(1) PLAINTIFF'S CLAIMS FOR WRONGFUL ARREST OF BRUNNER, EXCESSIVE FORCE AGAINST BRUNNER, AND FAILURE TO PROVIDE PROPER MEDICAL CARE TO BRUNNER<br><br>Case No. 2:24-cv-00391-CMR<br><br>Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to the undersigned conducting all proceedings, including entry of final judgment (ECF 11). 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Defendants Utah County Sheriff's Office, Sheriff Mike Smith, Deputy Sheriff Chandler Cattelain, Chief Brad D. Bishop, Payson City Police Department (Payson Police), Officer Cox, Officer Pearson, Officer J.D. Tarone, Officer S. Taylor, Officer J. Thompson, and Mayor William Wright's (collectively, Defendants) Motion for Summary Judgment (Motion) (ECF 33). The court also considered Plaintiff Samantha Alfaro's (Plaintiff or Alfaro) Response (ECF 37) and Defendants' Reply (ECF 38). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter based on the written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court DENIES Defendants' Motion.

## I.     PROCEDURAL BACKGROUND

Plaintiff filed her Complaint[1] in this action on May 31, 2024, asserting claims for excessive force, failure to intervene, and failure to supervise/train in violation of the Fourth Amendment, as well as state law claims for constitutional violations and intentional or willful conduct (ECF 5).[2] Plaintiff's claims arise from the search of Alfaro's motorhome and the arrest of Alfaro's fiancé Donald Brunner (Brunner) by Payson Police on July 30, 2023 (*id.*). Specifically, the Complaint alleges that on July 30, 223, Payson Police conducted an illegal search of Plaintiff's motorhome for marijuana and used excessive force to arrest Brunner in violation of the Fourth Amendment (ECF 5). After the Answer (ECF 7) was filed, Plaintiff filed a series of motions (ECF 12–17), including a motion for summary judgment (ECF 17), which the court later denied as procedurally deficient (ECF 40–44). On November 14, 2024, the court issued a Scheduling Order setting the deadline for fact discovery to close on September 1, 2025, and the deadline for filing dispositive or potentially dispositive motions on October 1, 2025 (ECF 25).

On March 13, 2025, Defendants filed the present Motion (ECF 33) seeking summary judgment on Plaintiff's claims and requesting dismissal of the Complaint for the following reasons: (1) Plaintiff has no standing to assert constitutional violations on behalf of Brunner, and (2) Plaintiff failed to state a claim (*id*. at 3–4). In support of the Motion, Defendants filed only "Exhibit A (Alfaro Dep.)," which consists of a transcript of Ms. Alfaro's February 28, 2025 deposition (ECF 33-1). On May 19, 2025 (more than two months after the filing of the Motion),

---

[1] Plaintiff's complaint from the consolidated matter (Case No. 2:24-cv-392, ECF 5) has identical claims to the Complaint in this matter (Case No. 2:24-cv-391, ECF 5), except for claims asserted against Payson Police, among others. The court collectively refers to claims in the two complaints singularly herein as the Complaint.

[2] Defendants argue that based on Alfaro's deposition testimony, she is only pursuing the following four claims: (1) wrongful arrest of Brunner by Payson Police; (2) excessive force against Brunner by Payson Police; (3) failure to provide proper medical care to Brunner by the Utah County Jail; and (4) wrongful search of Alfaro's motor home by Payson Police (ECF 33 at 2 ¶ 5). It is unclear if this is undisputed, however, because as set forth below, the deposition was not accompanied with any explanatory affidavit or declaration of Defendants.

the court ordered Plaintiff to file a response to the Motion (ECF 36). Plaintiff filed her Response on May 27, 2025 (ECF 37), and Defendants thereafter filed a Reply (ECF 38).

## II.    FACTUAL BACKGROUND

As an initial matter, the court notes that Plaintiff's Response is procedurally deficient in several respects. Plaintiff fails to include a separate section entitled "Response to Statement of Undisputed Material Facts" as required by Local Rule 56-1. *See* DUCivR 56-1(c)(3) ("A party must restate only those specific facts the opposing party contends are genuinely disputed or immaterial, providing a concise statement explaining why the fact is disputed or immaterial, and cite to the evidence used to refute the fact."). Plaintiff also fails to include a "Statement of Additional Material Facts" section or an appendix of evidence with her Response and instead attaches exhibits with highlighted text and handwritten notes. *See* DUCivR 56-1(c)(4) ("If additional material facts are relevant to show that there is a genuine dispute of material fact, the party must state each additional fact and cite with particularity to the Appendix that contains the supporting evidence.").[3] Finally, Plaintiff's argument section fails to adequately explain why Defendants' facts are disputed or properly cite to evidence disputing these facts. Plaintiff states facts interspersed with conclusory legal argument such as "[t]here's a lot of conflicting information" (ECF 37 at 14).

Due to Plaintiff's failure to comply with the procedural requirements set forth in Local Rule 56-1, the court declines to sift through Plaintiff's Response and exhibits to discern whether

---

[3] Plaintiff also improperly asks the court to obtain or request evidence or to "make" Defendants and/or their attorney produce evidence like search warrants, body cam video, a 911 call, and dispatch records (ECF 37 at 4, 8–9, 12). The court previously directed Plaintiff to follow the appropriate discovery process under the Federal Rules of Civil Procedure (ECF 43 at 2 n.2). To the extent Plaintiff seeks to compel the production of evidence, this request is not properly before the court. *See* DUCivR 7-1(a)(3) ("A party may not make a motion, including a motion under Fed. R. Civ. P. 56(d), or a cross-motion in a response or reply."). This request would also be untimely given that the deadline for fact discovery expired over six months ago (ECF 25).

3

there are disputes of material fact. *See Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1167 n.6 (10th Cir. 2000) (declining to "search the record in an effort to determine whether there exists dormant evidence which might require submission of the case to a jury" (quoting *Thomas v. Wichita Coca–Cola Bottling Co.*, 968 F.2d 1022, 1025 (10th Cir. 1992))). Where, as here, the non-moving party fails to properly dispute the facts, the court may consider the moving party's statement of undisputed facts as undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion[.]").

Here, however, the court cannot consider Defendants' Statement of Undisputed Facts (ECF 33 at 2–3) as undisputed for purposes of the Motion. Much like Plaintiff's Response, Defendants' Motion was submitted without the required appendix of evidence. *See* DUCivR 56-1(b) ("A motion for summary judgment must . . . be supported by an Appendix of Evidence."); *see also* DUCivR 56-1(e) ("All evidence cited in a motion, response, or reply must be compiled in an appendix."). Although Defendants attached Alfaro's deposition transcript to the Motion (Alfaro Dep., ECF 33-1), Defendants make only sparse citations to her deposition testimony to support their factual assertions and there is no supporting affidavit or declaration submitted by Defendants (ECF 33 at 2–3 ¶¶ 5–6). Instead, Defendants' Statement of Undisputed Facts primarily consists of a description of the procedural history of this case and cites to the pleadings in support of these facts (*id.* at ¶¶ 1–4). While Defendants cite the Complaint, Defendants do not include an affidavit or declaration stating that they will accept the facts cited as true, which is concerning given that the Answer denies all allegations except two (ECF 7 at 2). As such, the court finds itself in the

4

unusual situation of not being able to accept the facts as undisputed as they are not properly supported and therefore will not consider them.

For the purpose of providing general background information, this case arises from Alfaro's allegations that on July 30, 2023, Payson Police conducted an illegal search of her motorhome for marijuana and used excessive force to unlawfully arrest Brunner in violation of the Fourth Amendment (ECF 5). Alfaro further alleges that Utah County Jail failed to provide proper medical care to Brunner (*id.*).

### III.   LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "For there to be a 'genuine' dispute of fact, there must be more than a mere scintilla of evidence; to avoid summary judgment, the evidence must be such that a reasonable jury could return a verdict for the nonmoving party." *Aubrey v. Koppes*, 975 F.3d 995, 1004 (10th Cir. 2020) (quoting *Rocky Mountain Prestress, LLC v. Liberty Mut. Fire Ins. Co.*, 960 F.3d 1255, 1259 (10th Cir. 2020)). "The court may not grant summary judgment . . . *unless* the moving party has met its initial burden of production and demonstrated its entitlement to judgment as a matter of law." *See Cooper v. Monetary Inc.*, 2:12cv506 DAK, 2014 WL 1350274, at *1 (D. Utah Mar. 28, 2014) (citing *Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002)).

Because Plaintiff is proceeding *pro se*, the court construes her pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "[t]his liberal treatment is not without limits, and 'this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern

other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

### IV. DISCUSSION

First, Defendants argue that Alfaro's claims for unlawful arrest, excessive force, and failure to provide proper medical care on behalf of Brunner "must be dismissed" for lack of standing (ECF 33 at 3–4). While Defendants' Motion seeks summary judgment under Rule 56, the appropriate means to request dismissal based on standing is under Rule 12(b)(1) for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); *see also Wilderness Soc'y v. Kane County*, 632 F.3d 1162, 1168 (10th Cir. 2011) (For federal courts to have jurisdiction, "the party bringing the suit must establish standing." (quoting *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004))).

Federal courts "are courts of limited subject-matter jurisdiction." *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015). Because of this, "there is a presumption against [this court's] jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005). To establish jurisdiction, the plaintiff "must 'allege in his pleading the facts essential to show jurisdiction' and 'must support [those facts] by competent proof.'" *United States ex rel Precision Co. v. Koch Indus.*, 971 F.2d 548, 551 (10th Cir. 1991) (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Under the prudential standing doctrine, a plaintiff "must assert [her] own legal rights and interests, and cannot rest [her] claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

The court agrees that based on the allegations in the Complaint, it appears that Alfaro is improperly attempting to bring claims for constitutional violations against Brunner. Although

6

Defendants' Motion did not request the appropriate relief, the court finds that these claims are subject to dismissal under Rule 12(b)(1). The court therefore DISMISSES Plaintiff's claims for unlawful arrest of Brunner, excessive force against Brunner, and failure to provide proper medical care to Brunner. *See* Fed. R. Civ. P. 12(h)(3) (permitting sua sponte dismissal for lack of subject matter jurisdiction).

Second, Defendants argue that Alfaro's remaining claim for unlawful search of her motorhome "must also be dismissed" because "Alfaro admits that no search ever took place" (ECF 33 at 4). The court notes that this section of Plaintiff's argument consists of three short sentences with no citations to legal authority or the factual record as required by local rules. *See* DUCivR 56-1(b)(4) ("The argument section should include a statement of each claim . . . on which the party is seeking summary judgment and supporting authorities. Any factual references must cite to the appendix."). Defendants' Statement of Undisputed Facts does cite to Alfaro's deposition testimony to support the factual assertion that she admitted that police never actually searched her motorhome (ECF 33 at 3 ¶ 6 (citing Alfaro Dep. at 21:1-8 ("They were up by the door, but didn't come in."))). However, for the reasons explained above, the court is unable to treat Defendants' statement of facts as undisputed due to their failure to comply with the rules on submitting evidence.

Because Defendants' Motion fails to adhere to the rules governing the submission of a motion for summary judgment, the court finds that Defendants have not established that the undisputed facts show that they are entitled to judgment as a matter of law on Plaintiff's unlawful search claim.

V. **CONCLUSION AND ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion (ECF 33) is DENIED without prejudice. Defendants are to submit a properly supported motion addressing

Plaintiff's remaining claim(s) within 15 days of today's order. The response and reply are due as governed by Federal Rule of Civil Procedure 7.

IT IS FURTHER ORDERED that Plaintiff's claims for wrongful arrest of Brunner, excessive force against Brunner, and failure to provide proper medical care to Brunner are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

IT IS SO ORDERED.

DATED this 10 March 2026.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah